**Affirmed and Majority and Dissenting Opinions filed July 31, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00383-CV

**SIMULIS, L.L.C., Appellant**

**V.**

**GENERAL ELECTRIC CAPITAL CORPORATION, Appellee**

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2005-37556**

## D I S S E N T I N G   O P I N I O N

GE Capital failed to support its summary-judgment motion with evidence conclusively establishing that Simulis did not justifiably rely on any of its misrepresentations or omissions. Because the majority concludes otherwise, I respectfully dissent.

A movant for traditional summary judgment has the burden to establish conclusively that no material fact issue exists and that it is entitled to judgment as a

matter of law. *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999). By moving for traditional summary judgment on Simulis's causes of action, GE Capital assumed the burden to disprove at least one essential element of each of Simulis's claims. *See Fleming v. Curry*, 412 S.W.3d 723, 732 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). It attempted to disprove that Simulis justifiably relied on any misrepresentation or omission by GE Capital. To meet this burden, GE Capital had to perform the following steps:

1. Identify every misrepresentation or omission on which Simulis based its claims, and

2. Conclusively establish that reliance on each such misrepresentation or omission was unjustifiable as a matter of law.

But GE Capital set the bar higher than it could leap. The entirety of its attempt to conclusively disprove justifiable reliance on any misrepresentation or omission is as follows:

> Simulis complains *only* that it was told that its expensive sales efforts "would be accompanied by GE company investments in GE Products" and that GE Capital had the ability to "insure participation from GE Capital's industrial divisions." (5th Am. Counterclaim ¶¶ 10, 20–22). *In its discovery responses*, *Simulis can provide no more detail*; it simply claims that GE Capital said it could "insure that various GE divisions would use Simulis as their simulation training provider." (Exh. A at Response to Inter. No. 1).
>
> *These* alleged misrepresentations are so vague and speculative that any reliance on them is unreasonable. GE Capital did not and could not guarantee that specific products and services would be purchased by its affiliates at prices and under terms that did not yet exist. Even assuming it did, any such "assurance" can be viewed only as hopeful statements that Simulis could be successful in selling to GE companies under future market conditions. Any alleged reliance by Simulis would be unjustifiable as a matter of law. *Simulis I* at \*2

("Relying on such promises is unreasonable as a matter of law.").[1] In support of this argument, GE Capital relied on two pieces of evidence: a sentence fragment purportedly quoted from Simulis's pleading, and a different sentence fragment from Simulis's answer to an interrogatory.

GE Capital failed to show that the first piece of evidence even exists. Simulis's pleading does not contain the language that GE Capital purported to quote from it.

This left GE Capital relying on a single piece of evidence to conclusively establish that Simulis's reliance on *any* misrepresentation or omission by GE Capital was unjustifiable. I have italicized the language that shows why Simulis's response to the cited interrogatory cannot carry GE Capital's burden.

> Interrogatory No. 1.
>
> Please quote and *describe specifically* each alleged misrepresentation of GE Capital, and for each identify the date, circumstances, and individuals involved.
>
> Response: Simulis does not possess information sufficient to "quote" employees of G.E. Capital *beyond those documents produced in response to discovery*. Simulis can *generally describe* G.E. Capital's misrepresentations as follows . . . .[2]

It is unnecessary to quote Simulis's response further, because the portion quoted above already shows why the evidence on which GE Capital relies cannot prove either of the things it must prove to meet its burden.

First, part of Simulis's response is missing. It relied in part on documents produced in response to discovery—as it was permitted to do. *See* TEX. R. CIV. P. 197.2(c) (permitting a party to use records as an interrogatory response). We do not know what those documents contain or even what they are. Because we must

---

[1] Emphasis added.

[2] Emphasis added.

"resolve any doubts in the nonmovant's favor," we must assume that the records contain evidence of misrepresentations and omissions on which Simulis reasonably and justifiably relied. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

Second, Simulis admitted that it was not even answering the exact question that was asked. Although GE Capital asked Simulis to "specifically" describe each misrepresentation or omission, Simulis did not do so; it "generally" described them. *See* TEX. R. CIV. P. 197.1 ("An interrogatory . . . may ask the responding party to state the legal theories and to *describe in general* the factual bases for the party's claims or defenses, but interrogatories may not be used to require the responding party to marshal all of its available proof . . . .") (emphasis added). Just because Simulis chose not to give a more specific description in its written response to this particular interrogatory does not mean that its claims lack merit. The majority treats GE Capital's selective sampling of the evidence as if it were all of the evidence Simulis possesses, but Simulis was neither required to produce such a comprehensive response nor even asked to do so. *See* TEX. R. CIV. P. 192 cmt. 5 ("Rule 192.3(j) makes a party's legal and factual contentions discoverable but does not require more than a basic statement of those contentions and does not require a marshaling of evidence."); TEX. R. CIV. P. 194 cmt. 2 ("Rule 194.2(c) and (d) permit a party further inquiry into another's legal theories and factual claims than is often provided in notice pleadings. So-called 'contention interrogatories' are used for the same purpose. Such interrogatories are not properly used to require a party to marshal evidence or brief legal issues."). From the meager evidence presented, it is impossible to know whether GE Capital's misrepresentations were vague; the most that can be said is that the *description* of

4

the misrepresentations is vague.[3]

I also disagree with the majority's characterization of two affidavits as "reliance-related evidence." Even GE Capital did not cite the affidavits as proof that Simulis could not justifiably rely on its misrepresentations or omissions. It relied on the affidavits *only* in connection with its law-of-the-case argument—a summary-judgment ground that the majority does not even address.

The affidavits suffer from the same flaw as the interrogatory response cited above, but to a far greater extent. We know what elicited the interrogatory response; we do not know what purpose the affidavits were intended to serve. It certainly cannot be inferred that they were intended to be relied upon as proof of Simulis's claims of fraud, negligent misrepresentation, or breach of fiduciary duty. Those claims were not raised until after the case was remanded to the trial court in 2008, but the two affidavits cited by the majority were executed in 2005 and 2006. We are not permitted to draw inferences in favor of the summary-judgment movant, but even if we were, the chronology of the case would defeat the inference that the majority appears to have drawn.

I would hold that GE Capital failed to meet its summary-judgment burden to conclusively disprove that Simulis justifiably relied on any of GE Capital's misrepresentations or omissions. Because no other grounds raised in GE Capital's motion support traditional summary judgment on Simulis's claims of fraud and negligent misrepresentation, I would reverse the judgment in part and remand

---

[3] To briefly wrap up the remainder of GE Capital's arguments on justifiable reliance, GE Capital asserted that it did not "guarantee that specific products and services would be purchased by its affiliates," but it offered no proof of this. It then asserted that "[e]ven assuming it did" guarantee that its affiliates would purchase specific products and services, such guarantees would have to be "viewed only as hopeful statements that Simulis could be successful in selling to GE companies under future market conditions." This argument appears to be based on a misunderstanding of what the word "guarantee" means.

5

those claims.

/s/    Tracy Christopher
       Justice

Panel consists of Justices Boyce, Christopher, and Brown (Boyce, J., majority).